IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BARTHOLOMEW BUMPASS                                               PLAINTIFF

V.                                        NO. 12-5223

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration          DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Bartholomew Bumpass, brings this action pursuant to 42 U.S.C. § 405(g),

seeking judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and Supplemental Security Income (SSI) under the provisions of Titles II and XVI of the

Social Security Act (Act). In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision. See

42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff filed his current applications for DIB and SSI on October 7, 2009, alleging an

inability to work since April 30, 2009, due to "L arm, hernia, sciatica, heart and lung surgery."

(Tr. 133-134, 137-139, 157, 161). An administrative hearing was held on September 1, 2010, at

which Plaintiff appeared with counsel and testified. (Tr. 29-74).

By written decision dated March 21, 2011, the ALJ found that during the relevant time

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as
Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

period, Plaintiff had an impairment or combination of impairments that were severe - arthralgias, status post gunshot wound to the left arm, hernia, sciatica, status post heart and lung surgery, panic disorder with agoraphobia, generalized anxiety disorder, attention deficit hyperactivity disorder (ADHD), dysthymia, and pain disorder associated with both psychological features and general medical condition. (Tr. 14). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can only occasionally climb, balance, stoop, kneel, crouch, and crawl. Furthermore, the claimant can do work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote with few variables and little judgment involved, and the supervision required is simple, direct, and concrete.

(Tr. 17). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff would be able to perform, such as small products assembler, machine tender, and inspector. (Tr. 21-22).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which considered additional evidence and denied that request on August 6, 2012. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

AO72A
(Rev. 8/82)

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§423(d)(3), 1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

-3-

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC). See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.  Discussion:

Plaintiff raises the following arguments on appeal: 1) The ALJ failed to fully and fairly develop the record; 2) The ALJ erred in finding Plaintiff's mental condition did not meet or equal a listing; 3) The ALJ erred in evaluation of the medical evidence of Plaintiff's treatment; 4) The ALJ improperly determined Plaintiff's RFC; and 5) Plaintiff cannot perform the jobs identified at Step Five. (Doc. 9).

### A.    Failure to Fully and Fairly Develop the Record:

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47 F.3d 935, 938 (8th Cir. 1995); Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir. 2000). This is particularly true when Plaintiff is not represented by counsel. Payton v. Shalala, 25 FG.3d 684, 686 (8th Cir. 1994). This can be done by re-contacting medical sources and by ordering additional consultative examinations, if necessary. See 20 C.F.R. § 404.1512. The ALJ's duty

-4-

to fully and fairly develop the record is independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). However, the ALJ is not required to function as Plaintiff's substitute counsel, but only to develop a reasonably complete record. See Shannon v. Chater, 54 F.3d 484, 488 (8th Cir. 1995)("reversal due to failure to develop the record is only warranted where such failure is unfair or prejudicial"). "The regulations do not require the Secretary or the ALJ to order a consultative evaluation of every alleged impairment. They simply grant the ALJ the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." Matthews v. Bowen, 879 F.2d 423, 424 (8th Cir. 1989).

Plaintiff argues that the ALJ failed to fully and fairly develop the record because he did not ask the consultative examiners to complete medical source statements outlining Plaintiff's limitations.

In this case, the 910 page transcript contains numerous medical records as well as reports from treating, examining, and non-examining physicians, including a November 30, 2009 Mental Diagnostic evaluation and Evaluation of Adaptive Functioning, completed by Gene Chambers, Ph.D. (Tr. 275-278); a November 30, 2009 General Physical Examination, completed by Dr. Tad Morgan (Tr. 280-284); a December 8, 2009 Physical RFC Assessment completed by Dr. Jim Takach (Tr. 287-294); a December 10, 2009 Psychiatric Review Technique Form, completed by Dan Donahue, Ph.D. (Tr. 297-309); a December 10, 2009 Mental RFC Assessment, completed by Dr. Donahue (Tr. 311-313); a February 12, 2010 Case Analysis, completed by Brad F. Williams, Ph.D. (Tr. 322); a February 19, 2010 Case Analysis, completed by Dr. Lucy Sauer (Tr. 325); and a September 14, 2010 Psychological Evaluation, completed by Richard D. Back, Ph.D.

-5-

(Tr. 348-354).  There was clearly sufficient evidence before the ALJ to make a determination. In addition, "[a]lthough the agency will normally request as part of the consultative examiner's report a medical source statement regarding what a claimant can do despite his limitations, one is not required and the lack of such a report does not make the record incomplete." Peterson v. Colvin, No. 4:13CV3080 , 2014 WL 462970 at n.6 (D. Neb., Feb. 5, 2014).

Accordingly, Plaintiff's argument is without merit, and the Court finds there is substantial evidence to support a finding that the ALJ fully and fairly developed the record.

### B.      Failure to Meet a Listing:

"The burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing." Johnson v. Barnhart, 390 F.3d 1067, 1070 (8th Cir. 2004). "To meet a listing, an impairment must meet all of the listing's specified criteria." Id. "To establish equivalency, a claimant 'must present medical findings equal in severity to *all* the criteria for the one most similar listed impairment.'" Carlson v. Astrue, 604 F.3d 589, 594 (8th Cir. 2010)(quoting from Sullivan v. Zebley, 493 U.S. 521, 531 (1990)).  "[W]hen determining medical equivalency, an impairment can be considered alone or in combination with other impairments." Carlson, 604 F.3d at 595.

Plaintiff argues that Plaintiff's mental condition met a listing, relying on Dr. Donahue's Psychiatric Review Technique form, wherein he found Plaintiff had one or two episodes of decompensation, and Dr. Back's opinion that Plaintiff's ADHD caused marked impairments on his ability to attend and sustain concentration and that his mental impairments interfered with his day to day adaptive functioning to a marked extent.  However, as noted by Defendant, the ALJ considered the findings of Dr. Donahue and Dr. Back, and discussed them at length in his

-6-

decision. (Tr. 18-21). He gave Dr. Donahue's opinion substantial weight, and gave Dr. Back's opinion weight to the extent it was consistent with the medical evidence as a whole. (Tr. 21). It is noteworthy that in Dr. Back's September 14, 2010 evaluation, he indicated that Plaintiff reported that he went to every Razorback home game, both basketball and football games. (Tr. 350). He also found Plaintiff's capacity to sustain persistence in completing tasks was adequate in that setting and that his capacity to complete work-like tasks within an acceptable timeframe appeared to be within normal limits. (Tr. 354).

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence to support the ALJ's finding that Plaintiff's mental impairments did not meet a Listing.

### C.    Evaluation of the Medical Evidence:

Plaintiff argues that the ALJ erred in discounting the opinions of Dr. Gene Chambers, Dr. Tad Michael Morgan, Dr. Dan Donahue, Dr. Richard Back, Dr. C.R. Magness, and the hospital records pertaining to Plaintiff's treatment.

With respect to Dr. Chambers' opinion, the ALJ noted that on November 30, 2009, Dr. Chambers diagnosed Plaintiff with panic disorder with agoraphobia, generalized anxiety disorder, ADHD, and cannabis dependence. (Tr. 18, 277). The ALJ also discussed additional findings made by Dr. Chambers, such as his report that Plaintiff's abilities to cope with the typical mental/cognitive demands of basic worklike tasks, to attend and sustain concentration, to sustain persistence, and to complete worklike tasks within an acceptable timeframe were limited, and that Dr. Chambers thought it was questionable whether Plaintiff could manage funds without assistance. (Tr. 19). The ALJ noted that although Dr. Chambers limited Plaintiff's

-7-

abilities, he did not state that Plaintiff had no capacity to do those things, and that Plaintiff did begin to loosen up during Dr. Chambers' evaluation, "which would indicate that the claimant was not as limited as alleged in that area of functioning." (Tr. 20).

The Court also notes that Plaintiff reported to Dr. Chambers that he did have a history of abusing methamphetamine, cocaine and marijuana, but had been sober from methamphetamine and cocaine for four years, but continued to smoke marijuana, and described his use as daily. (Tr. 276). Plaintiff also reported that he had no difficulties bathing or dressing himself, saw family members fairly regularly, and could perform household chores. (Tr. 278). The ALJ gave Dr. Chambers' report weight to the extent it was consistent with the medical evidence as a whole. (Tr. 21).

Regarding Dr. Morgan's report prepared after conducting a general physical examination, the ALJ noted that Dr. Morgan diagnosed Plaintiff with a history of heart/lung surgery with secondary postoperative pain, healed scars on the left forearm due to gunshot wound, and back and leg pain. (Tr. 18). Dr. Morgan found Plaintiff had moderate limitation in his ability to walk, lift, carry, or handle. (Tr. 284). The ALJ discounted Dr. Morgan's opinion "to an extent." (Tr. 20). The ALJ believed Dr. Morgan's diagnoses was based on Plaintiff's history, and he did not make a specific finding regarding the origin of Plaintiff's back pain. (Tr. 20). The ALJ noted that Dr. Morgan reported that Plaintiff had no limitation in his range of motion and could stand and walk without assistive devices, walk on his heels and toes, squat and arise from a squatting position, and had full grip strength in his dominant right hand and 90 percent grip strength in his left hand. (Tr. 20). Plaintiff's gait and coordination were also reported as normal. (Tr. 283). The ALJ concluded that Dr. Morgan's limitations were taken into account in the RFC, but that his

-8-

findings did not support any greater limitations. (Tr. 20).  The Court agrees.

Dr. Donahue found Plaintiff was moderately limited in the abilities to understand, remember, and carry out detailed instructions, to sustain an ordinary routine without special supervision, to accept instructions and respond appropriately to criticism from supervisors, and to respond appropriately to changes in the work setting. (Tr. 313). Dr. Donahue noted that there was no evidence of formal mental health treatment , and that he saw no indications of aggressive treatment by a primary care physician or assessment by a mental health professional. (Tr. 313). He believed Plaintiff appeared capable of unskilled types of work, and the ALJ gave Dr. Donahue's opinion substantial weight. (Tr. 20).

Dr. Richard Back found Plaintiff was markedly limited in his ability to perform adaptive functioning tasks, and was markedly impaired in maintaining and sustaining concentration. (Tr. 19). The ALJ acknowledged these findings, and concluded that Dr. Back's limitations were related to Plaintiff's ADHD, which had been a longstanding problem and had not prevented the Plaintiff from working in the past. (Tr. 21). The ALJ gave Dr. Back's opinion weight to the extent it was consistent with the medical evidence as a whole. (Tr. 21).

The ALJ indicated that the treatment records of Dr. C.R. Magness, Plaintiff's treating physician, showed that Plaintiff had tested positive for marijuana, benzodiazepines, and opiates while in treatment for chronic pain, and further showed that Plaintiff was working daily doing paper delivery and had gone to a college football game, which was some evidence that Plaintiff was not as limited as alleged. (Tr. 19).

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds there is substantial evidence the ALJ properly evaluated the medical evidence

AO72A
(Rev. 8/82)

contained in the record, and gave sufficient consideration and discussion to Plaintiff's medical records.

### D.     RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In this case, the ALJ found Plaintiff was capable of performing light work with certain limitations. (Tr. 17). Plaintiff argues that this RFC does not accurately describe the full spectrum of his limitations, and that the ALJ failed to properly account for Plaintiff's mental impairments. Plaintiff relies upon the limitations Dr. Morgan's placed on Plaintiff.  As indicated above, the Court believes Dr. Morgan's limitations were not consistent with his objective findings regarding Plaintiff's abilities.

With respect to Plaintiff's mental impairments, the Court has already set forth the various

-10-

findings with respect to Plaintiff's mental impairments, and believes the record supports the

ALJ's finding that Plaintiff could do work where interpersonal contact is incidental to work

performed, the complexity of tasks is learned and performed by rote, with few variables and little

judgment required, and where supervision is simple, direct, and concrete.

Based upon the foregoing, the Court finds there is substantial evidence to support the

ALJ's RFC determination.

### E.    Step Five Determination:

Plaintiff argues that Plaintiff is unable to perform the jobs the ALJ found Plaintiff was

capable of performing. At the hearing, the ALJ posed the following hypothetical question to the

VE:

> Q: Ms. Moore, if you have a hypothetical individual same age, education,
> past relevant work as the claimant who is limited to light work as defined
> by the Social Security regulations; who were limited to only occasional
> climbing, balancing, stooping, kneeling, crouching, crawling; who were
> limited to work where interpersonal contact is incidental to the work
> performed; complexity of task is learned and performed by rote with few
> variables and use of little judgment; supervision requires simple, direct,
> and concrete. I would assume that the only potential past work would be
> as a newspaper carrier?
>
> A. That is correct –
>             . . .
> Q. Okay, can you identify other work, other than the newspaper
> carrier job?
>
> A: Yes, sir ...small products assembler...There are also machine
> tenders...There are also light unskilled tester or inspector jobs.

(Tr. 70-71). The hypothetical the ALJ posed to the VE fully set forth the impairments which the

ALJ accepted as true and which were supported by the record as a whole, Goff v. Barnhart, 421

F.3d 785, 794 (8th Cir. 2005).   The Court finds that the VE's responses to the hypothetical

questions posed by the ALJ constitute substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a small products assembler, machine tender, and inspector.   Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

**IV.     Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 20th day of March, 2014.

/s/ *Erin L. Setser*

HON. ERIN L. SETSER
 UNITED STATES MAGISTRATE JUDGE

-12-